UNITED STATES v. GREAT FALLS & C. RY. CO.

(Circuit Court, D. Montana. November 21, 1892.)

IMMIGRATION—CONTRACT-LABOR LAW.

    In an action at law by the United States to recover the penalty for a vio lation of the contract-labor law, (Act Feb. 26, 1885,) a complaint alleging that defendant offered to one of its employes in Canada to continue his employ- ment if he would come to the United States, and that in consideration of such promise, and in pursuance of such agreement, he did come to the United States, and work for the defendant, is sufficient to show the acceptance of the offer in Canada, under the Montana rule that pleadings shall be liberally construed, with a view to substantial justice. Comp. St. Mont. div. 1, § 100.

At Law. Action by the United States against the Great Falls & Canada Railway Company to recover the penalty of $1,000 for the im- portation of a laborer under contract. On demurrer to the complaint. Overruled.

    John M. McDonald, Asst. U. S. Atty.
    Geo. W. Taylor, for defendant.

KNOWLES, District Judge. This is an action brought by the United States to recover of defendant $1,000 for a violation of the provisions of section 1 of the act of congress of February 26, 1885, entitled "An act to prohibit the importation and migration of foreigners and aliens under contract or agreement to perform labor in the United States, its terri- tories, and the District of Columbia." The provisions of that section provide—

"That it shall be unlawful for any corporation, * * * in any manner what- soever, to prepay the transportation * * * of any alien or aliens, any for- eigner or foreigners, into the United States, its territories, or the District of Columbia, under contract or agreement, parol or special, express or implied, made previous to the importation or migration of such alien or aliens, foreigner or foreigners, to perform labor or services of any kind in the United States, its territories, or the District of Columbia."

The complaint in this case charges that defendant entered into an express parol contract with one John Lamont, an alien, by which de- fendant agreed that, in consideration that the said John Lamont would immigrate into the United States, to wit, the district of Montana, and perform services and labor for it, the said defendant, it would continue him as an employe at wages satisfactory to the said John Lamont. This contract, it is alleged, was made on November 5, 1891, in the dominion of Canada, a dependency of the United Kingdom of Great Britain and Ireland. The complaint further sets forth that thereupon, upon the date aforesaid, the said John Lamont, in consideration of the said prom- ise, and in pursuance of the said agreement, did immigrate and come into the United States, and into the state of Montana, and, in pursuance of said contract, worked as a laborer upon the defendant's road; that the said defendant prepaid the transportation of the said John Lamont, and did otherwise assist, encourage, and solicit his migration, knowing that he, the said John Lamont, being an alien, as aforesaid, had entered into this illegal contract with said defendant. Defendant demurred to

this complaint, on the ground that the same did not state facts sufficient to constitute a cause of action.

The principal point presented against the complaint is that there is in fact no contract for labor alleged inasmuch as Lamont made no contract to work for defendant. The contract was made by a proposal to Lamont by defendant that if he would come to the United States, as alleged in the complaint, and perform services for defendant, it would give him work at such wages as would be satisfactory to him. It is alleged that in consideration of said promise, and in pursuance of said agreement, the said Lamont did migrate and come into the United States, and in pursuance of said contract worked as a laborer upon the line of the defendant's road.

The contract here set forth appears to have been an offer on the part of defendant to Lamont to continue him in its employ if he would emigrate to the United States, and work for it. The wages would be satisfactory to Lamont. Did Lamont accept this offer? No doubt, it would have been better to have alleged directly that he did. But, instead of that, the pleader has seen fit to allege that he did emigrate to the United States, and did work for defendant, and that this was done in pursuance of said agreement. It must be that part of the agreement was entered into by defendant. This is an action at law, and the rules for the construction of the pleadings are those prescribed by the statutes of Montana. In these it is provided that the pleadings in the case should be liberally construed, with a view to substantial justice between the parties. Comp. St. Mont. div. 1, § 100. I think that the allegations of the performance of what was embraced in the proposition sufficiently show the acceptance. The only point of trouble is, where can it be said that the acceptance was made? I think when Lamont started on his migration to the United States. He came here then under a contract to labor for defendant. The contract was made in Canada, and defendant prepaid his transportation. The complaint states facts sufficient to constitute a cause of action, and the demurrer is overruled.