## UNITED STATES v. ROYAL DUTCH WEST INDIA MAIL.

(District Court, S. D. New York. April 22, 1918.)

ALIENS ⬤⇒56—IMMIGRANTS EXCLUDED—"CONTRACT LABORERS."

A Dutch steamship company, having branch offices in New York and Dutch Guiana, sent a clerk, who had been in its employ in Amsterdam for three years, to New York to be employed in its office there temporarily, as claimed, and afterward sent to Dutch Guiana, paying his transportation expenses. *Held*, that the case was not within Immigration Act Feb. 5, 1917, c. 29, § 3, 39 Stat. 876, which defines contract laborers thereby excluded as including "persons * * * who have been induced, assisted, encouraged or solicited to migrate to this country * * * in consequence of agreements * * * to perform labor in this country of any kind, skilled or unskilled"; the contract of employment, made long previously, not having been the inducing cause of the migration, which, so far as appears, was not then contemplated.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Contract Laborer.]

Proceeding by the United States against the Royal Dutch West India Mail. On motion by the United States for judgment on the pleadings. Denied.

This cause comes up on a motion by the plaintiff for judgment on the pleadings. The complaint is under section 5 of the Immigration Act of 1917 (chapter 29 of the Laws of 1917), which imposes a fine of $1,000 upon any person who shall induce the importation or migration of any contract laborer into the United States, with certain exceptions not here material. The allegations of the complaint are that the defendant is a Dutch corporation, having a managing agent in the Southern district of New York, and that on the 27th of September, 1917, it induced one Sjoerd Mook, a Dutch citizen, to migrate to the United States by agreeing to employ him as a clerk in its office in New York and prepaying his transportation; that before his migration Mook accepted the promise, and the contract so made with him, and left Holland, and came to the United States on the day mentioned; that he was not within any of the excepted clauses.

The answer contained certain denials, not necessary to take into consideration, and a defense which in substance is as follows: That the corporation found it necessary to maintain branch offices in New York and Dutch Guiana, and to have in its employ in each of its branches agents who could speak the Dutch language and who should be trained in the business of the defendant as practiced in Holland; that for this reason it transferred its employés from its Dutch offices to its New York offices and elsewhere; that on the 27th of September Mook had been for three years employed by the defendant in its Dutch office at Amsterdam, and that on the day mentioned it sent Mook from Amsterdam to New York, and paid his passage money and expenses; that it sent Mook to New York, so that after working for a time in that office, and becoming familiar with its business, he might proceed to the office of the defendant in Dutch Guiana, still remaining in its employ; that his stay was therefore temporary, whose duration was dependent upon the will of the inspector general of the defendant in New York; that at the time of sending Mook to New York he was told, and the New York inspector general was told, that after a temporary stay he should be sent to Dutch Guiana, and while in New York he performed the same kind of services as he had in Amsterdam, which were those of a clerk; that Mook's transfer to New York, and thereafter to Dutch Guiana, were essential to the proper conduct of the defendant's business, and were not induced by any new agreement or contract of employment.

Vincent H. Rothwell, Asst. U. S. Atty., of New York City.
William Paul Allen, for defendant.

LEARNED HAND, District Judge (after stating the facts as above). Both parties have disregarded the denials, and have assumed that the defense only is in question. I shall act upon that assumption, without any close scrutiny of the issues raised by the denials. So regarded, the motion raises the single question of law, whether Mook was a contract laborer; for it is obviously clear that the defendant induced him to migrate to the United States, and that he actually came into the United States, in a completer sense than the seamen who were the subject of the decision in Scharrenberg v. Dollar S. S. Co., 245 U. S. 122, 38 Sup. Ct. 28, 62 L. Ed. ——. Section 3, chapter 29, 39 Stat. 876, defines contract laborers. They are:

"Persons * * * who have been induced, assisted, encouraged, or solicited to migrate to this country by offers or promises of employment * * * or in consequence of agreements * * * to perform labor in this country of any kind, skilled or unskilled."

As I have said, Mook was certainly induced and assisted to migrate to this country. He was also expected to perform labor here of a skilled kind. The question narrows, therefore, to this only:

Was he induced to migrate by an offer or promise of employment, or in consequence of an agreement to perform labor here?

This point seems never to have been considered in any of the cases. The nearest is the decision of Judge Knowles in United States v. Great Falls & C. R. R. Co. (C. C.) 53 Fed. 77, under the act of 1885 (Comp. St. 1916, § 4245), which, although different in form, does not seem to me different in substance from the present statute, at least so far as this case is concerned. In that case Lamont, the alien, migrated to the United States from Canada on the promise of defendant that he should be continued as an employé at satisfactory wages. It did not appear that while in Canada Lamont was under a contract by whose terms the defendant had a right to order him to the United States. The case was treated as though the contract to enter the United States were new and independent of his former engagement. Presumably he was engaged at weekly wages.

In principle it seems to me clear that the case is not within the statute. In no fair sense can it be said that Mook was induced to migrate by an offer or promise of employment. He was already employed under a contract which subjected him to the orders of his employer in this respect. The statute includes only offers of employment in this country, and the offer itself must include employment here. More is to be said for the plaintiff's position under the second phrase in the statute:

"In consequence of agreements * * * to perform labor in this country."

Yet here, too, the purpose seems to me clearly limited. The agreement must by its terms include the performance of labor in this country. Mook's contract was made in Holland, and did not include such performance, though, it is true, it subjected him to the possibility of being ordered to this country, or to Dutch Guiana, or possibly elsewhere, if the defendant desired. I think the statute requires that the incentive held out to the alien must be employment here, and this accords with its general purpose, which is to prevent the migration of aliens under the attraction of work in the United States. That is the motive which must cause their migration. The statute means to remove that particular incentive from those influencing the decision of aliens to come to this country.

The whole thing might, of course, be a cover or guise for a violation of the statute, in which case it would not succeed. If it was originally understood between the employer and the alien that he was to be ordered to America, it would be quite clear that he had been offered employment here, and that he had migrated in consequence of an agreement to perform labor here; but for the purposes of this motion I cannot assume that the defense is other than honest. If the defendant can prove it as pleaded, the case is not within the statute.

The motion is denied.